# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WARREN K. PYLES,

    *Plaintiff,*

vs.

    Case No. 13-1047-EFM

THE BOEING COMPANY, *et al.*,

    *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Pro Se Plaintiff's Motion for Stay or Dismissal (Doc. 4). Plaintiff, Henry F. Pyles, was a named plaintiff in a related case, *Apsley v. Boeing*,[1] where 100 named plaintiffs sought relief on numerous claims, including a request to certify a class action under the Age Discrimination in Employment Act of 1967 ("ADEA")[2] and the Employee Retirement Income Security Act of 1974 ("ERISA").[3] Plaintiff's present motion requests that the Court stay or dismiss proceedings related to all of the *Apsley* plaintiffs to

---

[1] Case No. 05-1368-EFM-KMH.

[2] 29 U.S.C. § 621 et seq.

[3] 29 U.S.C. § 1001 et seq.

conduct an impartial investigation of this Court's neutrality. For the reasons stated below, the Court denies Plaintiff's motion.

## I. Factual and Procedural Background

In the *Apsley* case described above, the Court granted summary judgment to Defendants on all class claims and some individual claims on June 30, 2010, and denied the plaintiffs' motion for reconsideration on March 28, 2011. On May 26, 2011, Pyles and other named plaintiffs filed a motion seeking an emergency stay of the *Apsley* case, seeking the appointment of a mediator to review alleged conflicts of interest and ineffective assistance of counsel. Pyles's counsel withdrew from the case in June 2011, and the Court therefore found plaintiffs' May 2011 motion for stay moot.

In August 2011, the *Apsley* class counsel appealed the Court's summary judgment rulings to the Tenth Circuit. As a result, Pyles and other *pro se* plaintiffs filed another motion for stay of discovery pending results of the appeal, which the Court granted. In August 2012, the Tenth Circuit upheld the Court's summary judgment ruling. In January 2013, the Court granted the *Apsley* defendant's motion to sever Pyles's claims from the *Apsley* case, requiring Pyles and other severed plaintiffs to file amended complaints under new case numbers. Pyles did not file an amended complaint as directed, but instead filed the instant motion to stay all proceedings for all plaintiffs in the *Apsley* case.

## II. Discussion

As a preliminary matter, Defendants assert that Pyles lacks standing and representative capacity to seek relief on behalf of all plaintiffs in the separate-but-related *Apsley* case. The Court agrees. As noted above, Pyles's claims have been severed from the *Apsley* action, and he does not assert any facts sufficient to establish standing to assert arguments on behalf of other

parties in another case. Accordingly, the Court will consider the present motion exclusively as it relates to Pyles's claims in this case.

First, Pyles argues that the Court should stay all related proceedings until he can retain counsel. Pyles claims that *pro se* plaintiffs are less likely to prevail than represented parties, and that his efforts to retain counsel have been unsuccessful. This Court is mindful of the standards governing *pro se* litigants. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4] However, "*pro se* litigants are subject to the same rules of procedure that govern other litigants."[5] "We do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant."[6] For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[7]

Pyles has been proceeding *pro se* since his attorney withdrew in June 2011, and he claims that he has been unable to retain counsel even after contacting numerous attorneys across the country. The Court understands Pyles's desire to be represented by counsel, but also acknowledges that the well-established standards referenced above permit *pro se* litigants to proceed with their claims. As Defendants point out, neither the record nor the present motion suggests that Pyles will be capable of retaining counsel if provided additional time to do so. This case must proceed in order to secure "the just, speedy, and inexpensive determination of every

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

[6] *Hall*, 935 F.2d at 1110.

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

action and proceeding."[8]  Therefore, the Court finds that Pyles's status as a *pro se* litigant does not warrant stay or dismissal of this action.

Second, Pyles argues that his claims were adversely affected by this Court's rulings in the *Apsley* case, including the orders severing Pyles's claims and requiring him to file an amended complaint.  In response, Defendants argue that the present action does not provide a basis for Pyles to attack the propriety of the Court's decisions in *Apsley* on claims for which Defendants have already been granted final judgment.  The Court agrees.  Because there is no basis to revisit issues fully adjudicated in *Apsley*, the Court must deny Pyles's motion to stay or dismiss all related litigation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Stay or Dismissal (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of February, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] Fed. R. Civ. P. 1.